IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

```
BUNJAN HUDDLESTON         )
                          )
          Plaintiff,      )
                          )
vs.                       )
                          )
ELECSYS INTERNATIONAL     )
CORPORATION (A LINDSAY    )    Case No.
COMPANY),                 )
                          )
          Defendant.      )
```

**COMPLAINT**

COMES NOW the plaintiff Bunjan Huddleston and for her Complaint and claim against the defendant Elecsys International Corporation (a Lindsay Company) and its management and states and alleges as follows:

**JURISDICTION AND VENUE**

1. Jurisdiction over the subject matter of this lawsuit is proper pursuant to 28 U.S.C. Sec. 1331, 28 U.S.C. Sec. 1391, 28 U.S.C. Sec. 1343, 42 U.S.C. Sec. 2000e, et.seq., 42 U.S.C. Sec. 1981 and the Civil Rights Act of 1981, 42 U.S.C. Sec. 1981a, and the Kansas Act Against Discrimination. Supplemental and pendant jurisdiction over plaintiff's claims arising under state law, if any, is proper.

2. Plaintiff's claims and causes of action in this suit in equity and in law arise under the Constitution and laws of the United States, 42 U.S.C. Sec. 1988; Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e, et.seq., 42 U.S.C. Sec. 1981 and the Civil Rights Act of 1981, 42 U.S.C. Sec.1981a, and the Kansas Act Against

1

Discrimination.

3. This cause of action arose in Olathe, Johnson County, Kansas. Venue is proper in the United States District Court for the District of Kansas pursuant to 28 U.S.C. Sec. 1391.

## PARTIES

4. The plaintiff Bunjan Huddleston is female and of Asian national origin and race coming originally from the country and nation of Thailand. She is a citizen and resident of Bucyrus, Johnson County, Kansas and of the United States.

5. The defendant Elecsys International Corporation (A Lindsay Company)(hereinafter Elecsys), was at all relevant time periods herein, the employer for the plaintiff. It is a for profit corporation engaged in interstate commerce and doing business in the state of Kansas with offices and a plant facility at 846 N. Martway Court, Olathe, Kansas, Johnson County, Kansas.

6. At all relevant times the defendant Elecsys had in excess of 100 employees. It and its management was an employer within the meaning of 42 U.S.C. Sec. 1981a, Title VII, 42 U.S.C. Sec. 2000e(b), 42 U.S.C. Sec. 1981 and the Kansas Act Against Discrimination. As such it was and is subject to all applicable state and federal laws relating to discrimination, harassment and retaliation on the basis of sex, national origin and race.

7. Said defendant Elecsys and its management at all times herein discriminated, harassed and created or allowed the creation

of a hostile environment against the plaintiff in her employment and her employment relations on the basis of her race and national origin and her sex and in retaliation for her having made complaints and reports about race and national origin discrimination and sex discrimination or harassment and intimidation and in retaliation for having refused or objected to sexual, national origin and race related statements and comments and actions by co-workers and supervisory personnel and actions and conduct taken towards her in her employment because she was a female and because of national origin/race, Asian/Thailand. She was further subjected to retaliation by her employer and its management after it learned that she had engaged in protected activity and made a claim against a prior employer on the basis of sex and national origin and race.

8. At all relevant time periods herein, Christina Mallory was the Director or Representative of Human Resources, Laura Brown was an immediate supervisor over the plaintiff, Sean (Shawn) _____ was a direct floor supervisor over the plaintiff. As such, all of them among others, were supervisory or management employees over the plaintiff and her employment.

9. Each of the individuals identified in Paragraph 8 were the officers, agents, servants and employees of the defendant and their acts, errors and omissions, as well as those of other supervisory and management personnel over the plaintiff and her employment, were taken within the scope of their office, agency, service and employment

and were the acts, errors and omissions of the defendant.

10. The management and supervisors of the defendant Elecsys were aware, or should have been aware, of the discriminatory, harassing and hostile work environment and retaliatory actions and conduct towards the plaintiff and/or engaged in or failed to stop or correct the same or condoned them such that they are the acts of the defendant.

11. Each of the individuals, among others, identified in Paragraph 8 were acting in a supervisory, managerial and superordinate capacity over the plaintiff and her employment with the defendant. As such, each of the acts, errors and omissions of them and all other employees of defendant involved in the employment, terms and conditions of employment, harassment, and retaliatory actions in regard to the plaintiff, her employment, the terms and conditions of her employment and in her continued employment, were directed or ratified by the defendant and are deemed to have been taken with the actual or constructive knowledge and consent of the defendant and are deemed to have been the acts, errors and omissions of the defendant.

**ALLEGATIONS OF FACT COMMON TO ALL COUNTS**

12. The plaintiff Bunjan Huddleston was employed by the defendant Elecsys on or about December 17, 2018 as a solderer. At the time of her hiring she was provided with no Standard Operating Procedures or other documents to explain the policies and procedures to be followed in the workplace. Despite request no such documents

were subsequently provided.

13. During the course of her employment from on or after December 17, 2018 the plaintiff was discriminated against and subjected to unwelcome harassment against her and a hostile work environment that was severe and pervasive by the defendant, its management and employees because of her sex and her race and national origin. And after she made complaint and report about the same to management, after April, 2019 to direct retaliation. This discrimination, harassment and retaliation included but was not limited to the following:

    a). Making of derogatory and belittling comments to plaintiff related to her sex and national origin and race;

    b). Criticizing and harassing the plaintiff in her work performance and challenging her on her actions in performance of her job which plaintiff was satisfactorily performing including a co-worker Dennis _____ who actually smacked her, poked her and pinched her; she immediately reported the same to HR where upon he started waiting for her in the parking lot and following her with no action taken;

    c). Co-employees following her into the bathroom knocking on her stall door and accusing her of various things and harassing her;

    d). Being criticized and reprimanded at her work station by her supervisor in front of other employees;

e). Being reprimanded at her work station for having a mirror on her desk and ordered to remove it while numerous co-employees had personal items on their desks;

f). Co-workers and her supervisor Shawn (Sean)____ making fun of the food she ate and her lack of English speaking ability and language skills and Shawn (Sean) telling her she should leave America and go back to Thailand; a supervisor and co-worker sexually harassing her at least twice;

g). After plaintiff had repeatedly made complaints and reports and defendant learning she had filed a complaint against a prior employer asking plaintiff about the complaint and allowing co-workers to say to her that her employment was finished;

h). Providing her with a 90 day performance review that reflected she was clearly doing her job yet giving her only average scores and criticizing her for not getting along with co-workers on April 30, 2019;

i). Giving plaintiff a Corrective Action on July 18, 2019 and August 2, 2019 for allegedly taking pictures in the work station although other employees used their phones and took pictures and not investigating the same when plaintiff denied the allegations and had not taken pictures;

j). Denying a request to meet and ignoring plaintiff's complaint and reports about the continued conduct of Dennis ____ in the workplace making her feel nervous and scared when coming to work,

while at work and leaving work and suggestion of need to file a Protection Order on July 29, 2019;

 k). Giving plaintiff another Corrective Action on or around July 31, 2019 with respect to claimed incidents with co-workers that were allegedly disruptive which plaintiff had not instigated and were due to co-workers harassing her;

 l). Having the Human Resources Director directly ask her at or near the end of August, 2019 if she had filed a lawsuit against another company based on information provided by a co-worker;

 c). Writing the plaintiff up or otherwise disciplining her or criticizing her job performance without basis;

 d). Ignoring or failing to act or respond to plaintiff's complaints of harassment, discrimination or retaliation;

 e). Taking actions or conduct with the intent to get plaintiff to quit her job;

 f). Requiring special meetings and observance of supposed company policies enforced only with reference to the plaintiff;

 g). Engaging in practices that impacted plaintiff's ability to do her job;

 h). Making up or creating of issues related to plaintiff's job, job duties or work;

 i). Failing to take corrective action on plaintiff's reports or complaints;

 j). Terminating plaintiff in the workplace on September 26,

2019 without any stated reason or justification.

    14.   After her termination the plaintiff timely filed and signed a formal charge of sex, race and national origin discrimination with the Equal Employment Opportunity Commission on July 3, 2020 based upon the above. The Charge was dually filed with the Kansas Human Rights Commission. That Charge was No. 563-2020-00894 claiming race, national origin and sex discrimination, harassment and retaliation.

    15.   The EEOC issued a Right to Sue Letter with reference to Charge No. 563-2020-00894 upon which this complaint is based on August 12, 2020. This Complaint has been filed within 90 days of plaintiff's receipt of the Right to Sue.

    16.   Throughout the time periods alleged herein, prior thereto, and continuing, a hostile work environment existed at the plaintiff's place of employment on the basis of her sex, her race and national origin and in retaliation for her reports and complaints regarding the same.

    17.   Throughout the time periods alleged herein, defendant Elecsys and its management discriminated against the plaintiff, Bunjan Huddleston, and harassed or allowed her to be harassed and retaliated against her on the basis of her sex in, but not limited to, the method and manner set forth in the paragraphs above, incorporated herein by reference.

    18.   Male employees were not similarly treated and are not so treated. Employees who had not reported or complained about sexual

harassment or discrimination were not similarly treated and are not so treated. Employees not of Thailand/Asian national origin and race were not so treated.

19. The reasons, or lack or reasons, given by the defendant Elecsys and its management personnel for the actions taken against the plaintiff and other actions and conduct toward the plaintiff in her employment and termination were not legitimate. They were pretextual and taken against plaintiff because of her sex, her race and national origin and her complaints and reports of the same as part of a pattern and practice of discrimination, harassment and retaliation in the workplace against employees based on their sex, race and national origin. The defendant didn't follow its established practices and procedures and policies.

20. The plaintiff was subjected to discrimination, harassment and retaliation causing her great mental and emotional distress and wage loss and economic damages during the course of her employment and after her termination as set forth above and incorporated herein by reference.

21. The actions of the defendant Elecsys and its agents, servants and employees, including those identified in Paragraph 8 above, with reference to the plaintiff; the terms and conditions of her employment; and in the actions it took with respect to the plaintiff and her employment were wrongful, harassing, discriminatory and retaliatory and were the direct and proximate

cause of the injuries and damages suffered by the plaintiff.

22. The actions of the defendant, and its representatives as outlined above, were and are taken in bad faith, with reckless and callous disregard for the rights of the plaintiff and were grossly and wantonly negligent and exhibited intentional and deliberate indifference to the foreseeable damage and injury sure to be caused and suffered by the plaintiff.

**COUNT I-**
**SEXUAL DISCRIMINATION, HARASSMENT AND RETALIATION IN EMPLOYMENT-**
**TITLE VII, 42 U.S.C. SEC. 2000e; CIVIL RIGHTS ACT OF 1991, 42 U.S.C.**
**SEC. 1981a, et. seq.**

23. The plaintiff incorporates herein by reference Paragraphs 1 through 22 set forth above and additionally states:

24. The jurisdiction of this Court in this Count is invoked to secure protection of and to redress the deprivation of rights secured by the provisions of Title VII of the Civil Rights Act, 42 U.S.C. Sec. 2000e, et. seq., the Civil Rights Act of 1991, 42 U.S.C. Sec. 1981a and 42 U.S.C. Sec. 1981, the Kansas Act Against Discrimination, all of which provide for affirmative relief against sex discrimination, harassment and retaliation in employment.

25. All conditions precedent to jurisdiction under the federal and state statutes have occurred or been complied with concerning plaintiff's charge of discrimination, as outlined above and incorporated herein by reference.

26. The defendant and its management individuals identified

above, and each of them, and the individuals who were or would have been plaintiff's supervisors, super ordinates or managerial employees, including those in paragraph 8 above, are employers within the meaning of the federal, state and local acts, and said defendants at all relevant time periods herein discriminated against the plaintiff in the matter of her employment, in the terms and conditions of her employment and in her termination from employment on the basis of her sex.

27.  At all relevant time periods herein the plaintiff was in a protected group within the meaning of the federal, state and local acts.

28.  The plaintiff was discriminated, harassed and retaliated against and subjected to the actions and conduct outlined above, although there were other similarly situated male employees who were not so treated because the defendant and management and supervisory personnel followed or allowed to be followed a policy and practice of discrimination in employment on the basis of sex.

29.  The plaintiff as a consequence of this conduct of the defendant has suffered past and future economic loss, related employment benefits and promotion possibilities, and other general and actual damages, including mental and emotional distress, loss of reputation, anxiety and related damages.

30.  The conduct of the defendant with respect to the plaintiff and her employment, was so intentional, recklessly indifferent,

willful, wanton, malicious and in bad faith so as to entitle plaintiff to make claim for and ask a jury to consider the award of punitive damages under the statutes.

31. WHEREFORE, the plaintiff Bunjan Huddleston in Count I and in her overall Complaint asks this Court to enter judgment against the defendant Elecsys for the following:

    a. A permanent injunction enjoining defendant and its officers, agents, employees, successors and assigns and all persons in active concert or participating with it, from engaging in any employment practice or conduct of a discriminatory nature against female employees;

    b. Front pay or reinstatement with full restoration of benefits, back pay and retroactive seniority;

    e. Compensatory damages in the amount of $300,000.00 or such amount as may be found allowable under the law;

    f. Punitive damages in the amount of $300,000.00 or such amount as may be found allowable under the law;

    g. Prejudgment interest;

    h. Award of reasonable attorney's fees and costs;

    I. The costs of this action; and

    j. Any and all other affirmative relief or damages against this defendant as may be appropriate and to which plaintiff may be entitled at law or in equity.

**COUNT II-**
**RACIAL AND NATIONAL ORIGIN DISCRIMINATION, HARASSMENT AND RETALIATION IN EMPLOYMENT-42 U.S.C. SEC. 2000e: CIVIL RIGHTS ACT OF 1991, 42 U.S.C. SEC.1981a, et. seq.**

32. The plaintiff incorporates herein by reference Paragraphs 1 through 31 set forth above and additionally states:

33. The jurisdiction of this Court in this Count is invoked to secure protection of and to redress the deprivation of rights secured by the provisions of Title VII of the Civil Rights Act, 42 U.S.C. Sec. 2000e, et. seq., the Civil Rights Act of 1991, 42 U.S.C. Sec. 1981a and the Kansas Act Against Discrimination, all of which provide for affirmative relief against racial and national origin discrimination, harassment and retaliation in employment.

34. All conditions precedent to jurisdiction under the federal and state statutes have occurred or been complied with concerning plaintiff's charge of discrimination, as outlined above and incorporated herein by reference.

35. The defendant and its management individuals identified above, and each of them, and the individuals who were or would have been plaintiff's supervisors, super ordinates or managerial employees, including those in paragraph 8 above, are employers within the meaning of the federal, state and local acts, and said defendants at all relevant time periods herein discriminated against the plaintiff in the matter of her employment, in the terms and conditions of her employment and in her termination from employment on the basis of her race and national origin.

36. At all relevant time periods herein the plaintiff was in a protected group within the meaning of the federal, state and local acts.

37. The plaintiff was discriminated, harassed and retaliated against and subjected to the actions and conduct outlined above, although there were other similarly situated non-Thai and Asian employees who were not so treated because the defendant and management and supervisory personnel followed or allowed to be followed a policy and practice of discrimination in employment on the basis of race and national origin.

38. The plaintiff as a consequence of this conduct of the defendant has suffered past and future economic loss, related employment benefits and promotion possibilities, and other general and actual damages, including mental and emotional distress, loss of reputation, anxiety and related damages.

39. The conduct of the defendant with respect to the plaintiff and her employment, was so intentional, recklessly indifferent, willful, wanton, malicious and in bad faith so as to entitle plaintiff to make claim for and ask a jury to consider the award of punitive damages under the statutes.

40. WHEREFORE, the plaintiff Bunjan Huddleston in Count II and in her overall Complaint asks this Court to enter judgment against the defendant Elecsys for the following:

    a. A permanent injunction enjoining defendant and its

officers, agents, employees, successors and assigns and all persons in active concert or participating with it, from engaging in any employment practice or conduct of a discriminatory nature against Asian/Thailand employees;

b.   Front pay or reinstatement with full restoration of benefits, back pay, retroactive seniority;

e.   Compensatory damages in the amount of $300,000.00 or such amount as may be found allowable under the law;

f.   Punitive damages in the amount of $300,000.00 or such amount as may be found allowable under the law;

g.   Prejudgment interest;

h.   Award of reasonable attorney's fees and costs;

I.   The costs of this action; and

j.   Any and all other affirmative relief or damages against this defendant as may be appropriate and to which plaintiff may be entitled at law or in equity.

### COUNT III-
### RACIAL AND NATIONAL ORIGIN DISCRIMINATION, HARASSMENT AND RETALIATION IN EMPLOYMENT-42 U.S.C. SEC. 1981

41.   The plaintiff incorporates herein by reference Paragraphs 1 through 40 set forth above and additionally states:

42.   The jurisdiction of this Court in this Count is invoked to secure protection of and to redress the deprivation of rights secured by the provisions of 42 U.S.C. Sec. 1981 allowing for damages and other affirmative relief to redress the denial of the same rights to make

and enforce contract rights to accorded to persons of a different race or national origin.

43. All conditions precedent to jurisdiction under the federal and state statutes have occurred or been complied with, as outlined above and incorporated herein by reference.

44. At all relevant time periods herein the plaintiff Bunjan Huddleston was an Asian/Thai female in a protected group within the meaning of this federal act.

45. The acts of harassment, discrimination and harassment taken against the plaintiff during the course of her employment and in her termination from employment on September 26, 2020 by the defendant Elecsys, were taken, although there were other similarly situated individuals not so treated or terminated because the defendant Elecsys followed a policy, pattern and practice of discrimination and harassment and retaliation in employment on the basis of race and national origin. The defendant intentionally harassed and retaliated, or allowed such, against the plaintiff in her employment and terminated her employment because of the plaintiff's race or national origin, Asian/Thai.

46. The defendant Elecsys by these unfair, unlawful and discriminatory and harassing employment practices denied the plaintiff the same right to make and enforce contracts and deprived the plaintiff of the property rights that under similar circumstances would have been or were accorded a person of a different race or

national origin.

47. The plaintiff as a consequence of this conduct of the defendant has suffered past and future economic loss, related employment benefits and promotion possibilities, and other general and actual damages, including mental and emotional distress, loss of reputation, anxiety and related damages.

48. The conduct of the defendant with respect to the plaintiff and her employment, was so intentional, recklessly indifferent, willful, wanton, malicious and in bad faith so as to entitle plaintiff to make claim for and ask a jury to consider the award of punitive damages under the 42 U.S.C. Sec. 1981.

49. WHEREFORE, the plaintiff Bunjan Huddleston in Count III and in her overall Complaint asks this Court to enter judgment against the defendant Elecsys for the following:

>    a. A permanent injunction enjoining defendant and its officers, agents, employees, successors and assigns and all persons in active concert or participating with it, from engaging in any employment practice or conduct of a discriminatory nature against Asian/Thailand employees;
>    b. Front pay or reinstatement with full restoration of benefits, retroactive seniority, and back wages;
>    e. Compensatory damages in the amount of $300,000.00 or such amount as may be found allowable under the law;
>    f. Punitive damages in the amount of $300,000.00 or such

amount as may be found allowable under the law;

g. Prejudgment interest;

h. Award of reasonable attorney's fees and costs;

I. The costs of this action; and

j. Any and all other affirmative relief or damages against this defendant as may be appropriate and to which plaintiff may be entitled at law or in equity.

Respectfully Submitted,

S/Ruth M. Benien

Ruth M. Benien #KS11252
Benien Law Offices, Chtd.
The Ambassador Building
827 Minnesota Ave., Ste. 301
Kansas City, Kansas  66101
(913) 621-7100
(913) 321-0199 (Fax)
rbenienlaw@yahoo.com

ATTORNEY FOR PLAINTIFF

## DEMAND FOR JURY TRIAL

COMES NOW the plaintiff Bunjan Huddleston and demands a jury trial upon all of the claims and issues raised in her Complaint.

S/Ruth M. Benien

Ruth M. Benien

## **DESIGNATION OF PLACE OF TRIAL**

   COMES NOW the plaintiff Bunjan Huddleston and designates Kansas City, Kansas Federal District Court as the place for trial.

            S/Ruth M. Benien

            Ruth M. Benien